UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEREK SLOANE,

Petitioner,

-against-

MICHAEL DAYE, Superintendent,

Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

25-CV-04583 (PMH)

PHILIP M. HALPERN, United States District Judge:

Derek Sloane ("Petitioner") was convicted in the New York Supreme Court, Putnam County of fourth-degree criminal possession of stolen property in violation of New York Penal Law § 165.45(2). (Doc. 15-5 at 28). The court agreed to run Petitioner's intermediate prison sentence of 1 ½ - 3 years concurrently with a 3 ½ - 7 year sentence the court had imposed earlier that day following Petitioner's conviction for the theft of a truck. (Doc. 15-6 at 4-6). On March 1, 2022, the court imposed that sentence as promised. (*Id.* at 24-25). Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department. (Doc. 15-4 at 1-28). The Appellate Division affirmed the conviction. (*Id.* at 60-61). Petitioner filed for leave to appeal the Appellate Division's decision to the New York Court of Appeals (*id.* at 62-76; Doc. 15-5 at 1-3), which was denied on February 28, 2025 (Doc. 15-5 at 4).

Petitioner filed the instant petition for writ of habeas corpus on May 28, 2025. (Doc. 1). The case was reassigned to this Court on August 7, 2025 and on August 8, 2025, the Court issued an Order of Reference referring the Petition to Magistrate Judge Victoria Reznik. (Doc. 11). On October 7, 2025, Respondent moved to dismiss the Petition for lack of jurisdiction. (Doc. 15). On June 15, 2026, Judge Reznik issued a Report and Recommendation ("R&R") recommending that

Respondent's motion be granted and the Petition be dismissed for lack of subject matter jurisdiction. (Doc. 27). The R&R advised, in pertinent part, as follows:

> Pursuant to 28 U.S.C. § 636(b)(1)(c), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. Fed. R. Civ. P. 6(a).

(*Id*. at 23). Judge Reznik warned that "[f]ailure to timely file objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered." (*Id*.). Twenty-five days have passed since the R&R was mailed to Petitioner, and no objections have been filed.[1]

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Upon a careful and complete review of the R&R, the Court finds no clear error in Judge Reznik's thorough and well-reasoned analysis, and adopts the R&R in its entirety for the reasons

[1] A copy of the R&R was mailed to Petitioner at the address listed on the docket on June 16, 2026. (*See* June 16, 2026 Dkt. Entry). A letter received by the Court on the same day indicated that Petitioner's address had changed, so the Court directed the Clerk of Court to change Petitioner's address on the docket and mail a number of filings to Petitioner at the new address, including the R&R. (*See* Doc. 29). The R&R was mailed to Petitioner at the new address on June 18, 2026. (*See* June 18, 2026 Dkt. Entry).

set forth therein. Consequently, Respondent's motion to dismiss is GRANTED and the Petition is DISMISSED for lack of subject matter jurisdiction. Simply put, the Petition was filed on May 17, 2025—over seventeen (17) months after Petitioner was released from custody for this offense on December 16, 2023. Because Petitioner had served his entire sentence on the challenged conviction at the time he filed the Petition, he was no longer "in custody" on that sentence when he petitioned the Court for habeas relief, and the Court therefore lacks jurisdiction to entertain this habeas petition. *See Jenkins v. Capra*, 759 F. Supp. 3d 401, 422 (S.D.N.Y. 2024), *appeal dismissed*, No. 25-1367, 2026 WL 1498762 (2d Cir. Feb. 5, 2026); *Hurdle v. Sheehan*, No. 13-CV-06837, 2016 WL 4773130, at *4 (S.D.N.Y. Sept. 12, 2016). Because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to terminate the pending motion (Doc. 15), mail a copy of this Order to Petitioner, and close this case.

**SO ORDERED:**

Dated: White Plains, New York
July 13, 2026



PHILIP M. HALPERN
United States District Judge