**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X

DEREK SLOANE,

PLAINTIFF,

**-AGAINST-**

**SUPT. BENNIE THORPE,**

Respondent.

---------------------------------X

**RE: SLOANE, DEREK V. SUPT. DAYE, 1:25-CIV-4583 (PMA)(VR)**

**APPLICATION FOR THE APPOINTMENT OF PRO BONO COUNSEL IN THIS MATTER.**

SDNY PRO SE OFFICE
RECEIVED
2026 JUL 24 PM 12: 24

**HON. VICTORIA REZNIK, U.S.M.J.**

**YOUR HON.**

THIS WILL CONFIRM THAT PETITIONER IS AT THIS TIME, REQUESTING THE APPOINTMENT OF **PRO BONO COUNSEL.** ALTHOUGH THERE IS NO CONSTITUTIONAL RIGHT TO COUNSEL IN CIVIL CASES, INCLUDING IN **HABEAS CORPUS** PROCEEDINGS, THE COURT HAS THE AUTHORITY TO APP---OINT AN ATTORNEY FOR ANY PERSON UNABLE TO AFFORD COUNSEL. **SEE 28 U.S.C. § 1915(E)(1); GREEN V. ABRAMS, 984 F.2D 41, 47 (2D CIR. 1993).** HOWEVER, [B]ROAD DISCRETION LIES WITH THE DISTRICT JUDGE IN DECIDING WHETHER TO APPOINT COUNSEL PURSUANT TO THIS PROVIS--ION. AT THIS TIME THIS IS ONE OF THOSE CASE(S). FIRST **YOUR HON.** ON **JULY 23, 2025,** THE HONORABLE

**GRANTED** PETITIONER LEAVE TO PRO

MENTION. UNDER **28 U.S.C. § 1915**

**CERS, 802 F.2D 58, 60 (2D CIR.**

THE COURT UNDERTAKES A TWO-STEP

APPOINTMENT OF COUNSEL IS APPRO

**NOR HEALTH CARE CIR.,323 F.3D 1**

THE COURT DETERMINE(S) WHETHER

LIKELY TO BE OF SUBSTANCE. ID. AT 203 (QUOTING HODGE, **802 F.2D AT**

Application denied as moot. Judgment was entered on July 16, 2026 dismissing this action for lack of subject matter jurisdiction. (See Docs. 27, 30, 31). Accordingly, as the case is closed, any order granting appointment of pro bono counsel is unnecessary.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 29, 2026

61). THIRED, THE COURT CONSIDERS OTHER FACTORS SUCH AS PLAINTIFFS ABILITY TO INVESTIGATE THE CRUCIAL FACTS, WHETHER CONFLICTING EVIDENCE IMPLICATING THE NEED FOR CROSS- EXAMINATION WILL BE THE MAJOR PROOF PRESENTED [TO THE FACT FINDER],THE INDIGENT'S ABILITY TO PRESENT THE CASE, THE COMPLEXITY OF THE LEGAL ISSUES AND ANY SPECIAL REASON... WHY APPOINTMENT OF COUNSEL WOULD BE MORE LIKELY TO LEAD TO A JUST DETERMINATION.AT 203-04.(QUOTING HODGE, 802 F.2D AT 61-62). **YOUR HON.** THE SAME STANDARDS APPLY IN DETERMINING WHETHER ... TO APPOINT COUNSEL FOR A PETITIONER IN A HABEAS PRO-- CEEDING. **SEE, MARTINSON V. U.S. PAROLE COMM N,02-CIV. 4913(DLC) (DF), 2004 WL 203005, AT 3* (S.D.N.Y.FEB. 2, 2004) (COLLECTING CASES).** IN HABEAS CASES, [T]HE GOVERNING RULES REQUIRE THE APPOINTMENT OF COUNSEL ONLY WHEN AN EVIDENTIARY HEARING IS NEEDED. AS SUCH, THIS IS ONE OF THOSE CASE(S).ID, AT *2 (CITING RULE 8(C) OF THE RULES GOVERNING SECTION 2254 CASE(S). **YOUR HON.** THIS IS PLAINTIFF'S FIRST APPLICATION FOR THE APPOINTMENT OF PRO BONO COUNSEL IN THIS MATTER. UPON REVIEW OF THE RECORD, THUS YOU WILL SEE THAT PLAINTIFF WAS **GRANTED** LEAVE TO PROCEED IN FORMA PAUPER-- IS ON JULY 23, 2025, UNDER **U.S.C. § 1915(E)(1).** THUS, PLAINTIFF HAS DEMONSTRATED THAT HE IS INDIGENT AND CANNOT AFFORD COUNSEL. SEE, **MARTINSON, 2004 WL 203005, at *3.** THE COURT FURTHER ASSUMES FOR THE PURPOSES OF THIS APPLICATION THAT PLAINTIFF'S CLAIMS MAY HAVE **MERIT.** PLAINTIFF ASSERT IN HIS LETTER MOTION, THAT HE REQUIRES THE ASSISTANCE OF COUNSEL BECAUSE HIS LACK OF EXPERENCE AND THE COMPLEX ISSUE(S) CLEARLY PUT [HIM] AT A **DISADVANTAGE.** PETITIONER FURTHER ASSERT THAT APPOINTING COUNSEL USUALLY PROVIDED BY THE **STATE** FOR THE **RESPONDENT. ID. AT 1-2).**

**WOULD ALLOW HIM TO OBTAIN** REPRESENTATION EQUALLY QUALIFIED WITH THE PROFESSIONAL COUNSEL USUALLY PROVIDED BY THE STATE FOR THE RESPONDENT. MOREOVER, RESPONDENT HAS NOT[YET] ANSWERED THE PETITION TO THIS DATE. AND SUBSEQUENTLY HAS FAILED TO COMPLIED WITH THE COURT'S INSTRUCTIONS TO FILE AN **ANSWER**. THEREFORE, **YOUR HON.** AS SET FORTH IN RULE**[8](C)** OF THE RULES GOVERNING SECTION 2254 CASES. SEE **MARTINSON, 2004 WL 203005, at *2.** THEREFORE, **YOUR HON.**

THE COURT SHOULD GRANT PETITIONER **MOTION** FOR THE APPOINTMENT OF PRO BONO COUNSEL TO DETERMINE THE **MERIT(S)** OF HIS CLAIM(S). **SEE,** ALSO **THE CRIMINAL JUSTICE ACT OF** 1964, 18 **U.S.C.** §3006A, **OR** BY ANY OTHER APPLICABLE FEDERAL STATUTE.

**DATED:**

**JULY 20, 2026**

**MORAVIA, N.Y.**

**CC: CLERK OF THE COURT**

**RESPECTFULLY SUBMITTED,**

BY: Sloane, Derek

22-B-0727

SLOANE, DEREK PRO SE

PETITIONER